Nott, J.
dissenting. I differ in opinion with my brethren in the construction of the acts now under consideration. I think that the seventh section of the prison bounds act relates exclusively to that act, and that it has no application to the act for the relief of insolvent debtors. The object, provisions, and mode of proceeding under the two acts are different, and the whole ambiguity arises from having introduced into the prison bounds act one section, (the 6th) which relates exclusively to the insolvent debtors act. Let us suppose that clause to be stricken out, or to be enclosed in a parenthesis, or even let the sixth and seventh sections be transposed, and the whole difficulty will be removed. Previous to the passing of the prison bounds act, a person in execution was bound to remain three months within the four walls of the gaol before he could be liberated. The object of the sixth section was to allow persons who had the benefit of the prison rules the same right to the act for the relief of insolvent debtors as was allowed by persons in actual con--finement. It was intended to relieve them from actual confinement during the time required for them to give notice to their creditors of their intention to apply for the benefit of the act. Let a person then wishing to take the benefit of the prison bounds act only, lay his hand upon the sixth section until he reads the other parts of the act through, and he will meet with no difficulty in understanding it. If he wishes to take the benefit of the insolvent debtor’s act, he must look to the provisions of that act, and not to those of the prison bounds act. To be sure, if he would have the benefit of the prison rules, he must comply with the requisites which entitle him to those rules; that is to say, he must comply with the condition *88 of his bond, which, if he fails to do, he will lose the benfif of the prison rules: but he does not forfeit his right to the benefit of the insolvent debtor’s act • he only subjects himself to the inconvenience of remaining three months within the prison walls before he can have the benefit of it.-Such I believe, has been the uniform construction hitherto given to the act; at least such has been the invariable practice under it, which of itself furnishes pretty high evidence of the legal construction. It is true, we sometimes differ in opinion with regard to the practice under some of our oldest statutes; but the daily practice of assigning property to some creditors in preference to others, an instance of which we have just witnessed in the case of M’Dowall & Black ads. Moffat and others, (a) furnishes satisfactory evidence of the practice in this instance. This decision, therefore, will produce an entire revolution in á practice which has prevailed in this state from time immemorial. It will have the effect to put an end to such assignments. For any creditor who is dissatisfied with the terms of the assignment has nothing to do but to arrest the debtor and he may subject him to perpetual imprisonment, if he has given any preference. I think,1 therefore, the motion ought to be refused.

Motion granted.

 1 M'Cord’s Ch. R. 434.